George Haines, Esq.
Nevada Bar No. 9411
FREEDOM LAW FIRM
8985 S. Eastern Ave., Suite 350
Las Vegas, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: ghaines@freedomlegalteam.com
Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **STEVEN E. DURHAM**, <br><br> Debtor. | Case No. 19-17961-abl <br><br> Chapter 13 <br><br> Hearing Date:  October 05, 2021 <br> Hearing Time:  9:30 a.m. |

**<u>DEBTOR'S MOTION FOR SANCTIONS FOR FUNDBOX'S FAILURE TO COMPLY WITH ORDER ON DEBTOR'S MOTION TO ENFORCE SETTLEMENT AGREEMENT (ECF NO. 108)</u>**

## I.  PROCEDURAL HISTORY

Debtor, Steven E. Durham ("Steven"), filed a Motion to Determine Fundbox's Violations of the Automatic Stay and Request to Recover Actual Damages, Attorney's Fees and Costs and Punitive Damages ("Motion for Sanctions") against Creditor Fundbox on August 19, 2020.  (ECF No. 61).  Steven and Fundbox (collectively known as "the Parties") agreed to settle the Motion for Sanctions.  The terms of the Settlement Agreement and Mutual Release ("Settlement Agreement") were definite and certain, and Fundbox consented to such terms.  The Settlement Agreement was executed on February 12, 2021.  Specifically, the Parties agreed that Fundbox would pay Steven $85,000.00 within 15 days under the Agreement.  Pursuant to the Settlement Agreement, the funds were to be paid to Freedom Law Firm.

Unfortunately, it appears that Fundbox was defrauded by an unknown criminal hacker and wired the settlement funds to V Agribusiness, LLC located at 2691 Lenora Church Road, Snellville, GA 30078. It appears the email communications between the Parties were somehow intercepted by a third-party hacker leading Fundbox to re-direct payment of the settlement funds in violation of the Settlement Agreement.

Also, upon information and belief, Fundbox has also failed to withdraw or remove the UCC Filing Statement filed against LGS Insurance, Inc.

Fundbox's failure to comply with the Settlement Agreement has injured Steven and has required counsel to incur numerous hours in an attempt to collect the money owed.

## II. STATEMENT OF FACTS

Steven filed a Motion for Sanctions against Fundbox alleging numerous violations of the automatic stay. The Parties, through their respective counsel, agreed to participate in a private mediation (the "Mediation") which took place on February 2, 2021. The Parties, through their counsel, agreed on a settlement of $85,000 at the Mediation. Counsel for Fundbox prepared the Settlement Agreement and Mutual Release (the "Agreement") which required that Fundbox to pay Steven $85,000, through his counsel of record (Freedom Law Firm) within fifteen (15) business days of the Agreement being fully executed. The Agreement was fully executed on February 12, 2021. The entire payment was due no later than 3/5/2021.

To-date, Steven has received $0 from Fundbox. Unfortunately, it appears Fundbox wired the funds to an unknown third-party.

On June 7, 2021, Debtor filed a Motion to Enforce Settlement Agreement ("Motion to Enforce"). (ECF No. 102). The matter was heard on July 7, 2021, and the Court filed the granting Debtor's Motion to Enforce on July 8, 2021. (ECF No. 108). In addition to granting the Motion to Enforce, the Court ordered that: 1.) within thirty (30) days after the entry of this Order,

Fundbox shall pay to Debtor, through his counsel Freedom Law Firm, the sum of $85,000; 2.) Fundbox shall tender such funds by check made payable to Freedom Law Firm, LLC, and shall deliver such check to: FREEDOM LAW FIRM, 8985 S. EASTERN AVE., SUITE 350, LAS VEGAS, NEVADA, 89123; and 3.) that within thirty (30) days after entry of this Order, Fundbox shall also withdraw or remove the UCC Filing Statement filed against LGS Insurance, Inc. (See Id.).

Debtor's counsel filed the Notice of Order on Debtor's Motion to Enforce Settlement Agreement on July 14, 2021("Notice of Order"). (ECF No. 109). Debtor's counsel also filed the Certificate of Service regarding the mailing (via regular, first class mail and certified mail) of the Notice of Order and Order on Debtor's Motion to Enforce Settlement Agreement was filed on July 14, 2021. (ECF No. 110).

To-date, Fundbox has failed to pay the $85,000 to Freedom Law Firm and withdraw or remove the UCC Filing Statement filed against LGS Insurance, Inc.

### III. ARGUMENT

Debtor who sued based on violations of court orders is not asking the court to create a new right of action, but simply to use the power granted by 11 U.S.C. § 105(a). See *Pompa v. Wells Fargo Home Mortg., Inc. (In re Pompa)*, No. 06-31759, 2012 Bankr. LEXIS 3051 (Bankr. S.D. Tex. June 29, 2012). There is no question that a bankruptcy court ordinarily has authority to enforce its own prior orders. See *In re Direct Media Power, Inc.*, 582 B.R. 739 (Bankr. N.D. Ill. 2018). Congress expressly conferred enforcement powers to the bankruptcy courts in § 105 of the Bankruptcy Code, 11 U.S.C.S. § 105, which authorizes the court to take any action necessary or appropriate to enforce or implement court orders or rules. 11 U.S.C.S. § 105(a). A court has broad authority to issue orders under 11 U.S.C.S. § 105. See *In re Kim*, No. 13-00099, 2016 Bankr. LEXIS 4412 (Bankr. D. Guam Dec. 15, 2016). Specifically, the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of Title 11 of the

United States Code. See *Id*. No provision within Title 11 providing for the raising of an issue be a real party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. See *Id*. Within this statutory authority is the power to conduct civil contempt proceedings. See *Id*.

In addition to this Court's inherent power to enforce the Agreement, it also has the power to award damages for failure to comply, including an award of attorneys' fees. *TNT Marketing, Inc.*, 796 F.2d at 278-79; see also *Schmidt v. Zazzara*, 544 F.2d 412 (9th Cir. 1976).

As set forth above, Fundbox was ordered to: 1.) within thirty (30) days after the entry of this Order, Fundbox shall pay to Debtor, through his counsel Freedom Law Firm, the sum of $85,000; 2.) Fundbox shall tender such funds by check made payable to Freedom Law Firm, LLC, and shall deliver such check to: FREEDOM LAW FIRM, 8985 S. EASTERN AVE., SUITE 350, LAS VEGAS, NEVADA, 89123; and 3.) that within thirty (30) days after entry of this Order, Fundbox shall also withdraw or remove the UCC Filing Statement filed against LGS Insurance, Inc. (ECF No. 108).

Debtor's counsel filed the Notice of Order on Debtor's Motion to Enforce Settlement Agreement on July 14, 2021 ("Notice of Order"). (ECF No. 109). Fundbox has failed to comply with the Court's Order on Debtor's Motion to Enforce Settlement Agreement filed on July 8, 2021. (ECF No. 108).

## IV. CONCLUSION

WHEREFORE, Debtor requests:

(1) that Fundbox be held in contempt;

(2) that Fundbox be sanctioned for its failure to comply with the Court's Order on Debtor's Motion to Enforce Settlement Agreement filed on July 8, 2021 (ECF No. 108);

(3) reasonable attorney's fees and costs in filing the instant motion;

(4) to convert the Order to a final judgment subject execution under FRBP 7069; and

(5) such other and further relief which the Court deems just and proper.

Dated: August 26, 2021

BY:  /s/George Haines
     George Haines, Esq.
     FREEDOM LAW FIRM
     8985 South Eastern Avenue, Suite #350
     Las Vegas, NV 89123