George Haines, Esq.
Nevada Bar No. 9411
Benjamin Chambliss, Esq.
Nevada Bar No. 11536
FREEDOM LAW FIRM
8985 S. Eastern Ave., Suite 350
Las Vegas, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: ghaines@freedomlegalteam.com
Attorney for Steven E. Durham

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN E. DURHAM;<br><br>Debtor. | Case No. 19-17961-abl<br>**Chapter 13**<br><br>Hearing Date: 10/5/2021<br>Hearing Time: 9:30 a.m.<br><br>Continued Hearing Date: 11/10/2021<br>Continued Hearing Time: 9:30 a.m. |

**SUPPLEMENTAL DECLARATION OF STEVEN E. DURHAM REGARDING INTERIM ORDER ON DEBTOR'S MOTION FOR SANCTIONS FOR FUNBOX'S FAILURE TO COMPLY WITH ORDER ON DEBTOR'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

I, STEVEN E DURHAM, declare under the penalty of perjury:

1. On October 5, 2021, the Court entered an Interim Order on Debtor's Motion for Sanctions for Fundbox's Failure to Comply with Order on Debtor's Motion to Enforce Settlement Agreement ("Interim Order"). (ECF No. 132).

2. Pursuant to the Interim Order, Debtor was allotted the opportunity to supplement the record with Declarations regarding that damages, attorney's fees and costs sought in connection with this matter. (See Id.).

3. I hereby submit this Supplement Declaration in support of my damages.

1

**CONSEQUENTIAL DAMAGES**

4. Fundbox's failure to comply with the Settlement Agreement and Mutual Release ("Settlement Agreement") has caused me to incur additional damages. (See copy of Settlement Agreement attached hereto as Exhibit "1").

5. Specifically, Fundbox's failure to withdraw or remove the UCC Filing Statement as it was required to do pursuant to the Settlement Agreement caused me to be denied a Paycheck Protection Program ("PPP") loan in the amount of $20,000. Further, the PPP loan would have been used for my payroll expenses and thus, it would have been 100 percent forgiven. I am requesting $20,000 in damages as result of this loan denial.

6. I was also denied the SBA's Economic Injury Disaster Advance of $10,000 as a result of Fundbox's failure to remove the UCC Filing Statement. I would not have been required to pay back this advance. Thus, I am requesting $10,000 damages as result of this loss of benefit.

7. I declare under penalty of perjury that the foregoing is true and correct.

DATED: November 3, 2021

By: _LGS Insurance Services – Steven Durham_
Steven E Durham

# EXHIBIT "1"

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("**Agreement**") is made on this ____ day of February 2021, by and among STEVEN E. DURHAM, LGS INSURANCE, INC. ("**Durham**"), on the one hand, and FUNDBOX ("**Fundbox**"), on the other hand, both of whom are collectively herein referred to as the "**Parties**" and in the singular, the "**Party**," respectively.

## RECITALS

**WHEREAS**, Durham initiated a Motion titled Motion To Determine Fundbox's Violations of the Automatic Stay and Request to Recover Actual Damages, Attorney's Fees and Costs and Punitive Damages in the United States Bankruptcy court for the District of Nevada, in Case No. 19-17961 on August 19, 2020 (the "**Motion**");

**WHEREAS**, the Parties to the Motion dispute the allegations therein;

**WHEREAS**, the Parties enter into this Agreement to resolve all matters and issues in dispute between them involving, arising out of and/or in connection with the Motion;

**NOW, THEREFORE**, in consideration of the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, intending to be bound, do hereby agree to the following terms and conditions as full and complete settlement as follows:

1. The foregoing Recitals are incorporated herein by reference.

## I. CONSIDERATION & PAYMENT

2. The Parties agree that as consideration for this Agreement in full and final settlement of all matters released as described in Section II below, Fundbox shall: pay to Durham, through its counsel of record (FREEDOM LAW FIRM) the total sum of EIGHTY-FIVE THOUSAND DOLLARS ($85,000.00) ("**Settlement Payment**") to be paid within fifteen (15) business days of the date that this Agreement is fully executed; withdraw or remove the UCC Filing Statement filed against LGS Insurance, Inc.; and cooperate with Durham regarding his attempts to correct the negative credit reporting that resulted from Fundbox's attempted electronic withdraws from Durham's bank account.

3. Upon receipt of the $85,000.00 payment, Durham agrees to withdraw the pending Motion, with each party to bear its own costs.

## II. MUTUAL RELEASES

4. For and in consideration of the promises, commitments and undertaking set forth in this Agreement, the receipt and sufficiency of which is hereby acknowledged, LSG Insurance Inc. and Durham, on behalf of himself and any of his agents, representatives, successors, heirs, beneficiaries, executors, trustees, and/or administrators, and each of them (collectively known as the "**Durham Releasing Parties**"), hereby jointly and severally forever discharge Fundbox and

1

its past, present and future officers, managers, members, shareholders, employees, contractors, agents, attorneys, servants, representatives, successors, subsidiaries, affiliates, entities, associations, assigns, heirs, beneficiaries, executors, trustees, administrators and/or partners (collectively, the "**Fundbox Released Parties**"), from any and all claims, actions, demands and causes of action without limitation (including contractual, tortious, equitable, statutory, civil and/or criminal) whatsoever that involves, arises out of and/or is in connection with the Motion and/or Dispute, and any and all claims, causes of action, suits, demands, rights, liabilities, damages, lawsuits, losses, fees, costs or expenses of any kind whatsoever, whether known or unknown, whether existing heretofore, now or in the future, from the beginning of time to the date of this Agreement, including any monetary, injunctive or declaratory relief relating thereto, or for reimbursement of attorneys' fees, costs or expenses, which they now have, have had, or will have, arising from, or in any way connected with the Motion.

5.  For and in consideration of the promises, commitments and undertaking set forth in this Agreement, the receipt and sufficiency of which is hereby acknowledged, Fundbox, on behalf of itself and any of its agents, employees, subcontractors, representatives, successors, subsidiaries, affiliates, entities, associations, assigns, directors, officers, heirs, executors, trustees, administrators and/or partners, and each of them (the "**Fundbox Releasing Parties**"), hereby jointly and severally forever discharge Durham and his past, present and future agents, servants, representatives, successors, heirs, beneficiaries, executors, trustees, and/or administrators collectively, the "**Durham Released Parties**"), from any and all claims, actions, demands and causes of action without limitation (including contractual, tortious, equitable, statutory, civil and/or criminal) whatsoever that involves, arises out of and/or is in connection with the Motion.

6.  The Parties agree that this Agreement represents a settlement of claims at issue in the Motion and nothing herein is intended to be construed as an admission of liability of any Party.

### III.  CHOICE OF LAW & JURISDICTION

7.  This Agreement shall be deemed to be made and entered into in the State of Nevada, and shall in all respects be interpreted, construed, enforced and governed by and under the laws of the State of Nevada, without regard to its conflicts of law provisions.

8.  The Parties agree that the bankruptcy court in the Motion shall retain exclusive jurisdiction over this Agreement.

### IV.  ENTIRE UNDERSTANDING

9.  This Agreement constitutes the entire understanding and agreement of the Parties and supersedes all prior or contemporaneous negotiations or agreements (written or oral). This Agreement, including this provision, cannot be modified, amended or revoked except by the express written consent of both Parties.

10.  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement.

2

## V. SEVERABILITY

11. If any provision of this Agreement or any part of any provision of this Agreement is found to be invalid by a court of competent jurisdiction, such shall not affect the validity of any other provision(s) or part(s) of this Agreement with the exception of the Mutual Release. Should the Mutual Release provided herein be found invalid for any reason, the Parties agree to execute a new Mutual Release in favor of the other Party, releasing any and all claims related to the Dispute as of the date of each Party's execution of this Agreement only to the full extent permissible by law which is not invalid.

## VI. EXECUTION

12. The Parties have read and understood the preceding Agreement, have had the opportunity to discuss same with legal counsel of their respective choice, and have voluntarily agreed to sign the Agreement and agree to be bound thereby.

13. The Parties mutually represent and warrant that no other person or entity other than the Parties has or had any interest in the claims, demands, obligations or causes of action referred to in this Agreement and that the Parties have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement.

14. Each person executing this Agreement on each Party's behalf has been duly authorized to sign on behalf of the respective Party and to bind each to the terms of the Agreement. The Agreement shall not be fully executed unless and until all signatures required below are affixed hereto.

15. This Agreement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all Parties hereto had the same signature page. A facsimile or scanned copy of any Party's signature shall be deemed as legally binding as the original signatures.

## V. REPRESENATIONS AND WARRANTIES

16. The Parties, each for themselves, represent and warrant that they have retained and have not transferred any rights, claims, title and interest to their respective claims at issue in the Litigation and/or Dispute.

3

**THE UNDERSIGNED, THROUGH THEIR RESPECTIVE REPRESENTATIVES HAVING FULL AUTHORITY TO SIGN THIS AGREEMENT, DO HEREBY UNDERSTAND AND AGREE TO THE FORGOING:**

| | |
|---|---|
| By: *Steven Durham* <br><br> Steven E. Durham | FUNDBOX, INC. <br><br> By: _____ <br><br> Todd Hamblet <br> Chief Legal Officer |

4